**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**

| | |
|---|---|
| Alejandro Ascencio Rocha, Isidro Murillo Lopez, Juan Pablo Lopez Murillo and Luis Alberto Boites Dias, Individually and On Behalf of All Others Similarly Situated<br><br>    Plaintiffs,<br><br>   v.<br><br>Los Jalicienses Primos Inc. Dba El Jimador Bar & Grill and Juan Francisco Hernandez<br><br>    Defendants. | Case No. __23-cv-00098__<br><br>PLAINTIFF DEMANDS TRIAL BY JURY |

**PLAINTIFF'S COMPLAINT AT LAW**
**FLSA COLLECTIVE ACTION**

Plaintiffs, Alejandro Ascencio Rocha ("Ascencio"), Isidro Murillo Lopez ("Murillo"), Juan Pablo Lopez Murillo ("Lopez") and Luis Alberto Boites Dias ("Boites"), individually and on behalf of all others similarly situated (cumulatively "Plaintiffs"), by and through their attorney James M. Dore, brings this FLSA collective action complaint against Los Jalicienses Primos Inc. DBA El Jimador Bar & Grill ("Jimador Bar & Grill") and Juan Francisco Hernandez ("Hernandez") (cumulatively "Defendants"). In support of this Complaint, Plaintiffs state:

**INTRODUCTION**

1.      This action seeks redress for Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") as a collective action to recover unpaid overtime and/or minimum wages owed to Plaintiffs employed by Jimador Bar & Grill and Hernandez within the past three (3) years.

2.      Plaintiffs' FLSA collective action claim(s) are based upon Jimador Bar & Grill and Hernandez, failure to pay employees wages based upon overtime and minimum wage requirements; this matter is appropriate for collective action treatment and will be easy to prove through obtainable evidence. Plaintiffs seek damages for unpaid wages, liquidated damages, and reasonable attorneys' fees and costs.

## PARTIES

3.      Plaintiff Alejandro Ascencio Rocha is a resident of Midland, Texas. Ascencio is also known as Ernesto Torres. Plaintiff Consents to Join Collective Action is attached as Exhibit A

4.      Plaintiff Isidro Murillo Lopez is currently a resident of Kansas. At all relevant times for this complaint Murillo was a resident of Midland, Texas. Plaintiff Consents to Join Collective Action is attached as Exhibit B

5.      Plaintiff Juan Pablo Lopez Murillo is a resident of Midland, Texas. Plaintiff Consents to Join Collective Action is attached as Exhibit C

6.      Plaintiff Luis Alberto Boites Dias is a resident of Midland, Texas. Plaintiff Consents to Join Collective Action is attached as Exhibit D

7.      The proposed members of the collective are current and former employees of Defendant who were paid straight time and not paid overtime at the statutory rate directed by the FLSA.

8.      At all relevant times, Plaintiffs and the Collective Members were "employees" of the Defendants as defined by 29 U.S.C. § 203(e).

9.      Defendant Los Jalicienses Primos Inc. is a registered Texas Corporation making business as El Jimador Bar & Grill located, headquartered, and conducting business in Midland, Texas.

10.     Defendant Juan Francisco Hernandez is the owner of El Jimador Bar and Grill and President of Los Jalicienses Primos Inc.

11. Defendants are "an enterprise engaged in commerce or in the production of goods for commerce" under 29 USC § 203(s)(1)(A)(i) and (ii) because they have annual gross volume of sales made or business done of at least $500,000; and because they are engaged in interstate commerce or in the production of goods for interstate commerce.

## JURISDICTION AND VENUE

12. This Court possesses subject matter jurisdiction over the federal question pursuant to 28 U.S.C. § 1331 because this case is brought under the FLSA. Venue is proper in the Western District of Texas because all underlying facts and transactions occurred in or about Midland County, Texas.

## FACTS COMMON TO ALL CLAIMS

13. Defendants are "employers" as that term is defined in Section 203 of the FLSA, because: (1) it is a privately owned for-profit; (2) they had the power to hire and fire the employees, including Plaintiffs; (3) they supervised and controlled Plaintiff's work schedules and conditions of employment; (4) they determined the rate and method of payment for employees; and (5) they maintained employment records.

14. Defendants operates a restaurant business in the state of Texas.

15. Defendants employ over sixteen (16) laborers to cook, serve and attend their customers.

16. Many or all laborers, including Plaintiffs, were required to work more than forty (40) hours in a week.

17. Defendants has a high rate of turnover for its employees. Accordingly, on information and belief, the collective membership would include more than twenty (20) employees.

18. Plaintiffs and members of the proposed collective are not exempt workers under the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

19. Plaintiffs brings this complaint as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all current and former employees of Defendant who were paid straight time instead of time-and-a-half for recorded overtime hours (hours over 40 in each workweek) within three (3) years from the commencement of this action up to the present.

20. Plaintiffs are similarly situated to the putative collective Plaintiffs with regards to their jobs duties. They were subject to Defendants' common practice, policy, or plan of refusing to pay employees overtime in violation the FLSA. Plaintiffs and the putative collective members were victims of a common policy or plan that violated the law. Attached herein are Plaintiffs Consents to Join Collective Action as Exhibit A, B, C and D.

21. Pursuant of the FLSA, 29 U.S.C. § 216(b), this complaint may be brought as an "opt-in" collective action for all claims asserted by Plaintiff because their claims are similar to the claims of the putative plaintiffs of the representative action.

22. Plaintiffs estimate that the collective, including both current and former employees over the relevant period, will include at least twenty (20) members. The precise number of Collective Members should be readily available from Defendant's personnel, scheduling, time records, and from input received from the collective members as part of the notice and "opt-in" process. To the extent required by law, notice will be provided to these individuals via first class mail, email, and/or by the use of techniques and a form of notice similar to those customarily used in representative actions.

23. Defendant's unlawful conduct has been widespread, repeated, and consistent.

## COUNT I: VIOLATION OF THE FLSA
**Failure to Pay Overtime Wages to Plaintiffs**

24. Plaintiffs reincorporate by reference Paragraphs 1 through 23, as if set forth in full herein for Paragraph 24.

25. Plaintiff Ascencio worked for Defendants from March 2016 until January 15, 2023.

26. At all times, Plaintiff Ascencio held the same position at Jimador Bar & Grill, where he was a cook and kitchen supervisor. Plaintiff was an "employee" of Defendants as that term is used in Section 203 of the FLSA because he was employed by Defendants to perform food preparation supervision, supervising employees, and they do not fall into any of the exceptions or exemptions for workers under the FLSA.

27. Although schedules are subject to change, Plaintiff's Ascencio general schedule with Defendants required Plaintiff to work on average from 58 hours per week.

28. Plaintiff Ascencio was paid 40 hours on a weekly basis.

29. Plaintiff's Ascencio hourly rate of pay was $16.00.

30. Plaintiff Murillo worked for Defendants from August 2019 until March 2022.

31. At all times, Plaintiff Murillo held the same position at Jimador Bar & Grill, where he was cooking and dishwasher. Plaintiff Murillo was an "employee" of Defendants as that term is used in Section 203 of the FLSA because he was employed by Defendants to perform food preparation, cleaning dishes, cleaning kitchen area, and they do not fall into any of the exceptions or exemptions for workers under the FLSA.

32. Although schedules are subject to change, Plaintiff's Murillo general schedule with Defendants required Plaintiff to work on average 67 hours per week.

33. Plaintiff Murillo was paid his wages in cash on a weekly basis.

34. Plaintiff's Murillo hourly rate of pay was $12.50; all hours worked were paid at that rate.

35. Plaintiff Lopez worked for Defendants from September 2021 until December 2022.

36. Although schedules are subject to change, Plaintiff's Lopez general schedule with Defendants required Plaintiff to work on average 70 hours per week.

37. Plaintiff Lopez was paid his wages in cash on a weekly basis.

38. Plaintiff's Lopez hourly rate of pay was $10.50; all hours worked were paid at that rate.

39. Plaintiff's Lopez wages were not based on the number of jobs performed or completed, nor was it based on the quality or efficiency of his performance.

40. Plaintiff Boites worked for Defendants from July 2022 until January 2023.

41. Although schedules are subject to change, Plaintiff's Boites general schedule with Defendants required Plaintiff to work on average 70 hours per week.

42. Plaintiff Boites was paid his wages in cash on a weekly basis.

43. Plaintiff's Murillo hourly rate of pay was $10.00; all hours worked were paid at that rate.

44. At all times, Plaintiffs Lopez and Boites held the same position at Jimador Bar & Grill, where they were employed to cook and in the kitchen preparation. Plaintiffs Lopez and Boites were "employees" of Defendants as that term is used in Section 203 of the FLSA because they were employed by Defendants to perform food preparation, cooking food, cleaning kitchen area, and they do not fall into any of the exceptions or exemptions for workers under the FLSA.

45. Throughout the course of Plaintiff's employment with Defendants; Defendants regularly scheduled and directed Plaintiffs to work in excess of forty (40) hours per week.

46. Defendants did not pay Plaintiffs not less than one and a half (1.5) times the regular rate at which they were employed during the hours worked in excess of forty (40) hours per week.

47. On information and belief, Defendant may have failed to keep proper time records tracking Plaintiffs' time worked; Defendant's failure and refusal to pay Plaintiffs overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA.

48. Plaintiff's unpaid weekly damages are representative of the members of the proposed collective.

49. As a result of Defendant's unlawful conduct, Plaintiffs and the collective are entitled to actual and compensatory damages, including any unpaid minimum wages and overtime that should have been paid not less than one and a half (1.5) times the regular rate, but were not paid.

50. Defendant failed to act reasonably to comply with the FLSA; as such, Plaintiffs and the collective are entitled to an award of liquidated damages in an amount equal to the amount of unpaid wages deemed to be owed pursuant to 29 U.S.C. § 216(b).

51. Plaintiffs and the collective are also entitled to recover unpaid overtime wages and liquidated damages for up to three (3) years prior to the filing of this lawsuit, to an award of reasonable and necessary attorneys' fees, costs and expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

52. Defendants failed to properly pay wages to the amount that includes: (i) unpaid overtime wages; (ii) liquidated damages and (iii) Plaintiff's attorney's fees and costs, to be determined.

53. Plaintiffs have retained the law firm of Justicia Laboral LLC to represent them in this action. Plaintiffs entered into a valid contract with Justicia Laboral LLC and has appointed the undersigned counsel to be his agent, attorney-in-fact, and representative in this suit, exclusive of all other parties, including Plaintiff.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff Alejandro Ascencio Rocha, Isidro Murillo Lopez, Juan Pablo Lopez Murillo and Luis Alberto Boites Dias, respectfully requests that the Court enter a judgment in their favor and All Others Similarly Situated against Defendants Los Jalicienses Primos Inc. Dba El Jimador Bar & Grill and Juan Francisco Hernandez for:

A. A declaration that Defendants willfully violated the FLSA;

B. The certification of this action as a collective action on behalf of the proposed members of the FLSA representative action and prompt issue of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

C. The amount of unpaid overtime wages for all time worked by Plaintiffs in excess of forty (40) hours in individual work weeks;

D. An award liquidated damages to be determined at trial;

E. An award reasonable attorneys' fees and costs;

F. A requirement to Defendant to file with the Court and provide to Plaintiffs' counsel a list of all names and current (or best known) home addresses and email addresses of all individuals who currently work or have worked for Defendant as a employees during the three years prior to the filing of this Complaint;

G. Authorizing Plaintiff's counsel to issue a notice informing collective members that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit;

H. Granting judgment in favor of Plaintiffs and the Collective Members similarly situated on all damages available under the FLSA and the Texas Revised Code, including unpaid

wages, liquidated damages, and payment of all reasonable attorney's fees, costs and expenses;

I. Awarding compensatory damages to Plaintiffs and the Collective Members in an amount to be determined;

J. Awarding pre-judgment and post-judgment interest to Plaintiffs and the Collective Members;

K. Awarding reasonable incentive awards to the Named Plaintiffs to compensate them for the time and effort they have spent and will spend protecting the interest of other Collective Members, and the risks they are undertaking;

L. Awarding appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining Defendant from continuing its unlawful practices;

M. Awarding any further relief the Court deems just and equitable; and

N. Granting leave to add additional case plaintiff(s) by motion, the filing of written consent forms, or any other method approved by the Court.

### PLAINTIFFS DEMAND TRIAL BY JURY

Plaintiffs

/s/James M. Dore
Their Attorney

James M. Dore (TX Bar # 24128272)
**Justicia Laboral LLC**
*Attorney for Plaintiffs*
6232 N. Pulaski Road, Suite 300
Chicago, IL. 60646
P: 773-415-4898
E: jdore@justicialaboral.com

**EXHIBIT A**

## CONSENT TO BECOME A PARTY PLAINTIFF

1. I, Alejandro Ascencio, consent to sue as a Plaintiff in this action pursuant to the Fair Labor Standards Act of 1938, as amended, 29 USC § 201, *et. seq.*

2. During the applicable period, i.e. the three years preceding the filing of this Complaint, I was an employee of Defendants and was not paid properly for all hours worked.

3. By my signature below, I hereby authorize counsel to prosecute the claims in my name and on my behalf, in this action, for Defendants' failure to pay all wages due and owing in accordance with Federal Law.

DocuSigned by:
Alejandro Ascencio
—512BB12511204CA...

Name: Alejandro Ascencio

Date: 4/27/2023

**EXHIBIT B**

## CONSENT TO BECOME A PARTY PLAINTIFF

1. I, Isidro Murillo Lopez, consent to sue as a Plaintiff in this action pursuant to the Fair Labor Standards Act of 1938, as amended, 29 USC § 201, *et. seq.*

2. During the applicable period, i.e. the three years preceding the filing of this Complaint, I was an employee of Defendants and was not paid properly for all hours worked.

3. By my signature below, I hereby authorize counsel to prosecute the claims in my name and on my behalf, in this action, for Defendants' failure to pay all wages due and owing in accordance with Federal Law.

                                                            DocuSigned by: Isidro Murillo L. (D0DC8F08BF7D497...)

Name: Isidro Murillo Lopez

Date: 4/27/2023

**EXHIBIT C**

## CONSENT TO BECOME A PARTY PLAINTIFF

1. I, Juan Pablo Lopez Murillo, consent to sue as a Plaintiff in this action pursuant to the Fair Labor Standards Act of 1938, as amended, 29 USC § 201, *et. seq.*

2. During the applicable period, i.e. the three years preceding the filing of this Complaint, I was an employee of Defendants and was not paid properly for all hours worked.

3. By my signature below, I hereby authorize counsel to prosecute the claims in my name and on my behalf, in this action, for Defendants' failure to pay all wages due and owing in accordance with Federal Law.

_____
*Juan Pablo Lopez Murillo*
DocuSigned by: DA7D8A38B74841E...

Name: Juan Pablo Lopez Murillo

Date: 4/27/2023

**EXHIBIT D**

## CONSENT TO BECOME A PARTY PLAINTIFF

1. I, Luis Alberto Boites Diaz, consent to sue as a Plaintiff in this action pursuant to the Fair Labor Standards Act of 1938, as amended, 29 USC § 201, *et. seq.*

2. During the applicable period, i.e. the three years preceding the filing of this Complaint, I was an employee of Defendants and was not paid properly for all hours worked.

3. By my signature below, I hereby authorize counsel to prosecute the claims in my name and on my behalf, in this action, for Defendants' failure to pay all wages due and owing in accordance with Federal Law.

*DocuSigned by:*
*Luis Alberto Boites Diaz*
F3B4F3D9E81C4DD...

Name: Luis Alberto Boites Diaz

Date: 4/27/2023

13